UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR COLEMAN, #01378-039,

    Petitioner,

v.                                           CASE NO. 2:13-CV-12103

                                              HONORABLE STEPHEN J. MURPHY, III

UNITED STATES PAROLE COMMISSION,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION,
DENYING A CERTIFICATE OF APPEALABILITY, AND
<u>DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I. INTRODUCTION**

Petitioner Lamar Coleman ("Coleman") has filed a pro se "Petition to Show Cause Alternatively Habeas Relief" challenging a federal detainer for a federal parole violation arising from the events that led to his state custody. Coleman states that he was initially convicted of federal bank robbery in 1974, served time in federal prison, and was released on parole in 1988. While on federal parole, he was convicted of armed robbery and possession of a firearm during the commission of a felony in the Oakland County Circuit Court and sentenced to consecutive terms of 12 to 40 years' imprisonment and two years' imprisonment on those convictions in October, 1988.

Coleman filed the instant petition on May 8, 2013. At that time, he was in state custody and confined at the Saginaw Correctional Facility in Freeland, Michigan. Coleman has since been paroled from state custody (as of May 29, 2013). *See* Offender Profile,

Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=117612. He is now in federal custody and currently confined at the Federal Correctional Institution in Milan, Michigan. *See* Federal Bureau of Prisons ("BOP") Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=01378-039.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

After undertaking the requisite review, the Court concludes that Coleman's petition must be denied. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* must be denied.

## II. DISCUSSION

In his petition, Coleman asserts that the United States Parole Commission ("Parole Commission") has failed to comply with its own policies, challenges the federal detainer and the potential revocation of his federal parole, and asks the Parole Commission to show cause why he should still be subject to federal supervision after the passage of such a long period of time. Coleman cites 18 U.S.C. § 4214(b)(1) in support of his claims.

Coleman's petition must be dismissed. To the extent that Coleman challenges the existence of the federal detainer, his petition lacks merit and/or is moot. Pursuant to 18 U.S.C. § 4214(b)(1), Coleman's state convictions provided probable cause for the federal detainer. A letter included in Coleman's pleadings indicates that the Parole Commission conducted a review of the detainer in 1989. Moreover, the detainer has been executed – Coleman was released from state custody and taken into federal custody on May 29, 2013. There is no further action that can be required of the Parole Commission relative to the detainer. Coleman was not entitled to a hearing prior to being taken into federal custody. *Moody v. Daggett*, 429 U.S. 78, 86 (1976).

Coleman's concern at this juncture, therefore, is his current federal custody and the potential revocation of his parole. To the extent that Coleman challenges such matters, however, his petition is premature. Under federal law, the Parole Commission has 90 days to conduct a parole revocation hearing. 18 U.S.C. § 4214(c); *Moody*, 429 U.S. at 86, n.8. Coleman was taken into federal custody on May 29, 2013. The Parole Commission thus has until August 27, 2013 to conduct the required revocation hearing. It is not required to take any action before that time. Coleman's petition must therefore be denied.

## III. CONCLUSION

For the reasons stated, the Court concludes that Coleman is not entitled to relief and the petition must be denied.

Before Coleman may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85.

The Court concludes that Coleman has failed to make a substantial showing of the denial of a constitutional right and that reasonable jurists could not debate the correctness of the Court's procedural ruling. No certificate of appealability is warranted. Nor should Coleman be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. Fed. R. App. P. 24(a).

**WHEREFORE** it is hereby **ORDERED** that the petition is **DENIED** and **DISMISSED**

**WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: May 31, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 31, 2013, by electronic and/or ordinary mail.

s/Carol Cohron<br>
Case Manager